IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
FEB 21 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: CR. No. CR08-14S
v. :
:
KARIM ABDULLAH, a/k/a Kareem Abdullah, a/k/a Kareem Abdulla, a/k/a Abdul-Karim Abdul-Jaber :

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (United States or government) and Defendant KARIM ABDULLAH, a/k/a Kareem Abdullah, a/k/a Kareem Abdulla, a/k/a Abdul-Karim Abdul-Jaber, (Defendant) have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges Defendant knowingly and intentionally possessed with intent to distribute 33.47 grams of a mixture and substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count I); and being a person previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, firearms, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count II). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. Defendant will admit the Forfeiture Allegations stated in the Information, will consent to the forfeiture of the firearms described in the Forfeiture Allegations stated in the Information, and will consent to the entry of a Court Order of forfeiture of the firearms described in the Forfeiture Allegations stated in the Information.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the advisory United States Sentencing Guidelines (the "guidelines"), but not including probation or a "split-sentence" even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees not to bring any additional charges against Defendant which could arise out of his arrest by members of the Rhode Island State Police on June 15, 2007.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

f. The government reserves the right to recommend the imposition of a consecutive term of imprisonment upon Defendant as a violator of a previously imposed term of supervised release in criminal case number 95-075ML.

3. Defendant understands that under this agreement, he may advocate for any sentence.

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. the Lorcin .380 caliber pistol, Model L380, serial number 373810, was a stolen firearm (§ 2K2.1(b)(4)).

5. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

6. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

7. The maximum statutory penalties for the offenses to which Defendant is pleading are:

Count I:

a. forty (40) years imprisonment, with a mandatory minimum term of five (5) years

imprisonment; and

b. a fine of $2,000,000; and

c. a term of supervised release of life with a mandatory minimum term of four (4) years; and

d. a mandatory special assessment of $100.

Count II:

a. ten (10) years imprisonment; and

b. a fine of $250,000; and

c. a term of supervised release of three (3) years; and

d. a mandatory special assessment of $100.

If the sentences on both Counts were imposed consecutively, the maximum statutory penalties would be: fifty (50) years imprisonment; a fine of $2,250,000; and a term of supervised release of life. The total mandatory special assessment is $200.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant has also been advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that if the Court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after his conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, Defendant knowingly and voluntarily waives and gives up that right. Defendant further understands he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2, 3, and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guidelines determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he has the right to file a direct appeal, ~~collateral attack under 28 U.S.C. § 2255, or other requests for post-conviction relief.~~ MSM K.A Defendant hereby waives his right to file a direct appeal if the sentence imposed is within or below the guidelines range as determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations

that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| Karim Abdullah<br>KARIM ABDULLAH<br>Defendant | 2/17/08<br>Date |
| Mary S. McElroy<br>MARY S. MCELROY, ESQ.<br>Counsel for Defendant | 2/17/08<br>Date |
| Kenneth P. Madden<br>KENNETH P. MADDEN<br>Assistant U. S. Attorney | 2/20/2008<br>Date |
| [signature]<br>STEPHEN G. DAMBRUCH<br>Assistant U.S. Attorney, Criminal Chief | 02/21/2008<br>Date |