UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
        v.                        )    Cr. No. 08-014 WES
                                  )
KARIM ABDULLAH,                   )
                                  )
           Defendant.             )
_____)

## SENTENCING MEMORANDUM

WILLIAM E. SMITH, Chief Judge.

Defendant Karim Abdullah moved for a reduced sentence pursuant to § 404 of the First Step Act of 2018 ("FSA" or "the Act"). Pub. L. No. 115-391, 132 Stat. 5194; Def.'s Mot. to Reduce Sent. ("Def.'s Mot."), ECF No. 47. Section 404 of the Act provides that a district court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 § 404(b).[1]  The Government opposed Abdullah's

_____

[1] Section 404, entitled "Application of Fair Sentencing Act," provides in full:

> (a)  DEFINITION OF COVERED OFFENSE. — In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

motion, arguing that Abdullah is ineligible for relief and should be denied a reduction. See Gov't Resp. in Opp'n, ECF No. 48. The Court held hearings on June 20 and July 10, 2019 at which the parties presented argument and evidentiary support. The Court granted Defendant's motion and imposed a reduced sentence of 160 months, with 24 months on his supervised release violation, to be served consecutively in addition to a 3-year term of supervised release.[2]  This sentencing memorandum explains the Court's

---

(b)  DEFENDANTS PREVIOUSLY SENTENCED. — A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c)  LIMITATIONS. — No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[2] Abdullah does not object to a condition requiring no more than six months' placement at a residential reentry center until he is able to obtain housing suitable to probation. See Defs.' Mot. for Sentence Reduction Pursuant to the First Step Act 2, ECF No. 47.

reasoning.

I.    BACKGROUND

On February 21, 2008, after Defendant Karim Abdullah waived his right to be indicted by a grand jury, the Government filed an information charging Abdullah with being a felon in possession of a firearm and possession with intent to distribute 5 grams or more of cocaine base.  Abdullah pled guilty to the two-count information on March 6, 2008, and the Court sentenced him to 200 months' imprisonment and 5 years' supervised release as to Count I and 120 months' imprisonment and 3 years' supervised release as to Count II, to be served concurrently. The Court further sentenced Abdullah to 24 months' imprisonment for a supervised release violation (see Cr. No. 95-75-07ML) to be served consecutively to the 200 months.

At the time Abdullah was sentenced, in March 2008, he was subject to a mandatory minimum of 5 years and a mandatory maximum of 40 years' imprisonment under Count I.[3]  The Sentencing Guidelines prescribed a range of 188 months to 235 months.  The Court's sentence of 200 months was a 6% increase over the low end of the Guideline range.  See Probation Mem. 2, ECF No. 46.

---

[3] Since the Fair Sentencing Act of 2010 was signed into law, these minimum and maximum penalties are triggered by 28 grams or more of cocaine base, instead of 5 grams.  United States v. Pierre, 372 F. Supp. 3d 17, 19 (D.R.I. 2019).

In his plea agreement, Abdullah stipulated to distributing 33.47 grams of cocaine base. ECF No. 14. (He was charged in the indictment with 61.11 grams of cocaine base – 33.10 grams of cocaine base and $1,170 of cash converted to cocaine base – but he pled only to 33.47 grams of cocaine base.) If Defendant were to be resentenced today, after the passage of the Fair Sentencing Act, his Guidelines range would be 151-188 months' imprisonment, to be followed by 3 years' supervised release. He would further face a statutory maximum of twenty years' imprisonment. See Probation Mem. 2, ECF No. 46.

II. DISCUSSION

A. Eligibility

Defendant Abdullah was sentenced in this Court upon conviction of a "covered offense," as defined in § 404(a) of the First Step Act, and accordingly, he is eligible for a sentence reduction, subject to this Court's discretion. See generally United States v. Pierre, 372 F. Supp. 3d 17 (D.R.I. 2019).

B. Scope of Consideration

The parties agree that nothing in § 404 "shall be construed to require a court to reduce any sentence" and that courts have discretion to grant defendants relief so long as they are eligible. Pub. L. No. 115-391, 132 Stat. 5194 § 404(b), (c).

Where the parties disagree is the scope of the resentencing under the FSA.

The Government argues that the FSA, read in conjunction with 18 U.S.C. § 3582, does not authorize a plenary or de novo resentencing. See Gov't Resp. in Opp'n 11, ECF No. 48. The Government further contends that because a plenary resentencing is not authorized under the FSA, Defendant may not contest Guidelines issues already ruled upon at his original sentencing, including Defendant's career offender status. Id. at 10. Defendant counters that he does not seek a plenary or de novo resentencing. See Mem. in Resp. to Gov't Opp'n 6, ECF No. 52. Instead, Defendant asks that the Court, in exercising its discretion, take account of the fact that, were he sentenced today, Abdullah would not have been sentenced as a career offender. See Mot. for Sent. Reduction 8, ECF No. 47 (citing Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutional); United States v. Rose, 896 F.3d 104 (1st Cir. 2018) (holding that Rhode Island assault and battery with a dangerous weapon does not qualify as a violent felony under the Armed Career Criminal Act)).

This Court agrees with several other courts that have held "§ 3582(c)(1)(B) [is] the appropriate [procedural] vehicle for

relief" under the FSA and that "[w]hen a defendant obtains relief under § 3582(c)(1)(B), [it] does not affect the finality of the original underlying sentence." United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019); see also United States v. Shelton, Cr No. 3:07-329, 2019 WL 1598921, at *3 (D. S.C. Apr. 15, 2019) ("Section 404 must be read together with other existing statutes – including § 3582(c)"); United States v. Potts, No. 2:98-cr-14010, 2019 WL 1059837, at *3 (S.D. Fla. March 6, 2019) (holding that "all other determinations made at the time of [Defendant's original] sentencing must remain unchanged"). Section 3582(c)(1)(B) authorizes a sentence modification only "to the extent otherwise expressly permitted by statute." § 3582(c)(1)(B). The pertinent statute here does not permit a full plenary resentencing or reconsideration of original sentencing determinations; the FSA merely permits a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 § 404(b); see also Potts, 2019 WL 1059837 at *2; Sampson, 360 F. Supp. 3d 168, 171 ("[A] full resentencing is neither required nor called for."); accord United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019). In other words, the Court cannot revisit Defendant's status as a career

offender because such a consideration would go beyond a simple "recalculation of a defendant's Guidelines numbers . . . and a possible sentencing reduction therewith" as required by the FSA. United States v. McKinney, No. 06-20078-01, 2019 WL 2053998, at *2, (D. Kan. May 5, 2019) (quoting Davis, 2019 WL 1054554, at *2).

In addition to the consensus that a court should not engage in a plenary or de novo resentencing under § 404, most courts agree that a re-sentencing court should consider the new statutory range along with the sentencing factors set forth in 18 U.S.C. § 3553(a), including post-sentence conduct. See, e.g., United States v. Newton, No. 5:02-CR-30020, 2019 WL 1007100, at *5 (W.D. Va. Mar. 1, 2019); United States v. Powell, 360 F. Supp. 3d 134 (N.D.N.Y. 2019); United States v. Martinez, No. 04-CR-48-20, WL 2433660, at *3 (S.D.N.Y. June 11, 2019). But see United States v. Martin, No. 03-CR-795(BMC), 2019 WL 2289850, at *3-4 (E.D.N.Y. May 29, 2019) (declining to consider post-sentence conduct and § 3553 factors and instead looking to what sentence the original sentencing judge would have imposed). The FSA makes no mention of § 3553 factors, however "it is appropriate to use that familiar framework to guide the exercise of discretion." United States v. Rose, 379 F. Supp. 3d 223, 234-35 (S.D.N.Y. 2019). The § 3553 factors protect against "unbounded or unreviewable discretion" and

ensure that sentencing proceedings are "more predictable to the parties, more straightforward for district courts, and more consistently reviewable on appeal." Id. at 235.

In applying the § 3553(a) sentencing factors, the Court declines to impose a burden on one party or the other. Rather, the Court, all things equal, starts, as Judge Weinstein recently put it, with

> two well-considered statements of federal policy by Congress . . . . -- the First Step Act and the Fair Sentencing Act of 2010 . . . . Both favor sending fewer people to prison, imposing shorter sentences for drug crimes, and reducing the sentencing disparity between crack and powder cocaine offenses. The court must consider this new governmental policy when deciding whether a reduction of defendant's sentence is warranted.

United States v. Simons, 375 F. Supp. 3d 379, 382 (E.D.N.Y. 2019) (Weinstein, J.); see also United States v. Hairston, No. 4:06-CR-00018, 2019 WL 1049387, at *3 (W.D. Va. Mar. 5, 2019) (noting that the court had first reduced the defendant's sentence on probation's recommendation and, presented with additional information informing the § 3553(a) sentencing factors, further reduced the defendant's sentence). Cf. 18 U.S.C. § 3553(a)(5)(A) (listing as a sentencing factor "any pertinent policy statement issued by the Sentencing Commission . . . to any amendments made to such policy statement by act of Congress").

Along with Congress's informed policy statements, as set

forth in the Fair Sentencing Act of 2010 and the First Step Act of 2018, the Court considers Defendant as he presents now through any and all evidence offered of post-sentencing mitigation and/or aggravation. See Shelton, 2019 WL 1598921, at *3 (noting evidence of post-sentencing mitigation); see also United States v. Martin, 03-CR-795(ERK), 2019 WL 2571148, at *4 (E.D.N.Y. June 20, 2019) (citing lack of significant number of infractions, furtherance of education, and maintenance of family relationships as factors "weigh[ing] in favor of a sentence reduction."); Rose, 379 F. Supp. 3d at 235 (citing Pepper v. United States, 131 S. Ct. 1229, 1236 (2011) (noting that consideration of post-sentencing rehabilitation is "appropriate under § 404 of the First Step Act[.]")).

All of this is as it should be. Sentencing is not a mechanical act — it is a human experience grounded by the parameters imposed by the statutes and guided by the Guidelines and its commentary. At the fulcrum, the defendant presents with all of his history, characteristics, and baggage. The judge sentences him knowing all that he or she knows and believes about sentencing and the defendant in that moment. People change — both defendants and judges — with age and experience; and the law and policy evolve too. When judges sentence, they do so at a moment in time and do the best they can, with what they have in

that moment, guided by the facts presented, the law, human experience, and advocacy.

III.  DISCRETIONARY REVIEW

After hearing argument and considering both aggravating and mitigating evidence, this Court finds a reduction of Defendant's sentence is warranted.  Defendant's conduct and rehabilitative efforts underscore § 3553 factors concerning Defendant's character, adequate deterrence, and protecting the public.  See 18 U.S.C. § 3553(a).  Defendant's continued rehabilitative efforts represent a departure from the violent behaviors depicted in the twelve-year-old video offered by the government and considered at his original sentencing.  Gov't Ex. 1 to June 20, 2019 Sent. Hr'g. Defendant has since developed a positive record through his textile work for UNICOR by acting in a supervisory role to other inmates and remaining free of disciplinary matters.  Defendant completed courses on custodial management, workspace safety, disease prevention, mental health and wellness, real estate, personal finance, and release process that the Court hopes will help reorient Defendant upon his release. See Probation Mem. 3, ECF No. 46. Defendant's only infractions include a dated incident involving stolen property and a more recent assault without serious injury.  Id.  Neither incident reflects the record of the violent man who stood before the Court in 2009 nor the violence

reflected in the 2007 video. Neither infraction outweighs the steps Defendant has taken during his incarceration to accomplish his rehabilitative goals. Compare Simons, 375 F. Supp. 3d at 388 (characterizing eight infractions over eleven years as a "relatively benign" prison record).

In exercising its discretion, this Court considered the nature of Defendant's crack cocaine offense and the development of sentencing principles indicated by a shift from mandatory to advisory sentencing guidelines. See Dorsey v. United States, 567 U.S. 260, 265 (2012). Sentencing philosophies have evolved among judges to better reflect the sentencing considerations of Congress, including "to limit Government spending on incarceration and decrease the number of inmates in federal custody." Simons, 375 F. Supp. 3d at 389 (citing § 3553(a)(5)). Keeping Defendant incarcerated for an additional forty months, as the government suggests, would run counter to Congress' intent, do little to protect the public or promote deterrence, and likely make rehabilitation more difficult. Nothing more can be achieved by further incarceration of this Defendant than has already been achieved. Continuing to waste public funds warehousing Defendant would not place him in any better position than he is in now, and thus, for these reasons, Defendant's sentence warrants a reduction.

IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to reduce his sentence is GRANTED. Defendant's sentence on Count I is reduced to 160 months, with 24 months on his supervised release violation, to be served consecutively. Defendant is also sentenced to a 3-year term of supervised release. All conditions of Defendant's supervised release are to remain the same.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  October 10, 2019